UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RENAY THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH SERVICES, et al.,<br><br>Defendants. | No. 2:16-cv-1686 TLN CKD P<br><br>ORDER &<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the complaint.

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Discussion

This action proceeds on the complaint filed July 21, 2016, naming California Correctional Health [Care] Services (CCHCS) and CDCR as defendants. (ECF No. 1.) Plaintiff alleges that defendants breached the confidentiality of his medical records in violation of California Health and Safety Code § 1280.15 and the Fourth Amendment to the U.S. Constitution. (Id. at 3-4.) He claims that this breach placed him at extreme risk of identity theft. (Id. at 4.) Plaintiff attaches a May 16, 2016 letter from CCHCS informing plaintiff of a "potential breach" of his information

1  on February 25, 2016, when an unencrypted laptop was stolen from a CCHCS staff person's
2  vehicle. (Id. at 7.) Although not encrypted, the laptop was password protected. (Id.) Plaintiff
3  seeks monetary relief under California Civil Code § 56.36 and Health and Safety Code § 1280.15.
4  (Id. at 6.) He asserts that administrative remedies are unavailable for this issue. (Id. at 3.)

5  First, plaintiff is required to establish standing for each claim he asserts. DaimlerChrysler
6  Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject
7  matter jurisdiction. Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980)
8  ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to
9  determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff
10 to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally
11 protected interest which is both concrete and particularized and actual or imminent; (2) there must
12 be a causal connection between the injury and the conduct complained of; and (3) it must be
13 likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife,
14 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847
15 (9th Cir. 2001) (en banc). Here, plaintiff has not shown he has standing to sue because the
16 complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff.
17 Plaintiff alleges no actual misuse of his personal information stemming from the theft.

18 Second, the violation of state tort law, state regulations, rules and policies of the CDCR,
19 or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under §
20 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis,
21 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law
22 claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. §
23 1367.

24 Third, the complaint fails to state a claim for violation of the Fourth Amendment, which
25 governs the reasonableness of government searches and seizures. Here, no government search or
26 seizure is alleged. Nor does the complaint state a claim under the Due Process Clause, which
27 protects prisoners from being deprived of property without due process of law. Wolff v.
28 McDonnell, 418 U.S. 539, 556 (1974). "It is well established that negligent conduct is ordinarily

1  not enough to state a claim alleging a denial of liberty or property under the Fourteenth
2  Amendment.  See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014), citing Daniels
3  v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he
4  Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an
5  official causing unintended injury to life, liberty or property. In other words, where a government
6  official is merely negligent in causing the injury, no procedure for compensation is
7  constitutionally required.").
8      For these reasons, the complaint fails to state a cognizable claim under § 1983.
9  IV.  No Leave to Amend
10     If the court finds that a complaint should be dismissed for failure to state a claim, the court
11 has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-
12 30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
13 defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
14 also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
15 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
16 clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
17 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
18 that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.
19 Cato, 70 F.3d at 1005-06.
20     The undersigned finds that, as set forth above, plaintiff lacks standing and his allegations
21 show only speculative injury.  Because the complaint does not state a cognizable federal claim,
22 the court lacks supplemental jurisdiction over any state law claims.  As it appears amendment
23 would be futile, the undersigned will recommend that this action be dismissed without leave to
24 amend.
25     Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma
26 pauperis (ECF No. 2) is granted.
27 ////
28 ////

IT IS HEREBY RECOMMENDED that the complaint be dismissed without prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 12, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / thom1686.14.new